ORDERED.

Dated:  October 21, 2020

_____
Lori V. Vaughan
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                              Case No.: 19-bk-04758-LVV
                                                    Chapter 7
WAYNE PATRICK GALE
SUSANA CARLA ROCHA-GALE

Debtor.                    /
_____

### AGREED ORDER GRANTING MOTION TO SELL REAL PROPERTY
### AND PAY SECURED CREDITORS AND TRANSACTIONAL COSTS
(120 E Oaks)

THIS CASE came before the court to consider Chapter 7 Trustee, Dennis Kennedy's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors and Transactional Costs* (the "Motion") (Dkt. No. 22). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service and the Junior Secured Creditor, Select Portfolio Servicing, has filed a response to the Motion (DE# 23). By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.
2. The Motion is GRANTED.
3. The Trustee is authorized to sell the real property located at:

      Lot 30, 31 and 32, Block B-11, Lago Vista Manor, according to the map or plat thereof, as recorded in Plat Book 12, Page(s) 8, of the Public Records of Lake County, Florida. (the "Property").

4. The Trustee is authorized to pay the servicer for the secured mortgage creditor, Mr. Cooper ("Secured Creditor") the amount of their lien as of the date of closing pursuant to the short sale approval letter dated August 17, 2020 and attached to the Motion (the "Short-Sale Approval Letter").

5. The Trustee is authorized to pay the servicer for the junior secured creditor, SPS ("Junior Secured Creditor") the amount of their lien as of the date of closing pursuant to the short sale approval letter dated September 15, 2020 and attached to the Motion (the "Short-Sale Approval Letter").

6. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Ronald Bruni and/or their assigns or other disinterested, bona fide purchaser (the "Buyer").

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     2% to BK Global | $3,900.00 |
|     2% to Century 21 | $3,900.00 |
|     2% to Right Realty Connection | $3,900.00 |
| Title Charges: | $2,445.00 |
| Transfer Taxes: | $1,392.00 |

|  |  |  |
|---|---|---|
| Other / Debits (i*ncl. 506(c) surcharge*) | | $10,520.55 |
| Satisfaction of Liens: | | |
| Mr Cooper | (home mortgage) | $161,153.86 |
| SPS | (Junior lien) | $6,000.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and authorized by the Short Sale Approval Letter or by further written consent of the lienholder, Secured Creditor and Junior Secured Creditor.

8. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

9. The Trustee is authorized to pay the real estate agent's fees in the total amount of $11,700.00 from the proposed sale of the property.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

11. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties including Mr. Cooper without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

12. The Sale is to occur on or before November 9, 2020, pursuant to the Short-Sale Approval Letter.

13. The 14-day appeal period provided for under B.R.C.P. Rule 6004(h) be waived so that the sale of the Real Property may close immediately upon the entry of an order granting the instant motion.

###

Dennis Kennedy, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

Agreed to by:


/s/ Scott Lewis, Esq.
Attorney for SPS


Filer's Attestation: Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Arvind Mahendru attests that concurrence in the filing of this paper has been obtained.


/s/ Arvind Mahendru
Arvind Mahendru, Esq.